**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EBELIN NOEMI MANZANARES GUIDO,<br><br>                              Petitioner,<br><br>         v.<br><br>MARKWAYNE MULLIN, ET AL.,<br><br>                              Respondents. | Case No. 5:26-cv-02022-DMK<br><br>**MEMORANDUM AND ORDER** |

On April 21, 2026, Petitioner Ebelin Noemi Manzanares Guido, an immigration detainee, filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (the "Petition"), challenging her detention at the Adelanto Detention Facility.  ECF 1.  On April 29, 2026, Respondents Markwayne Mullin, Secretary of U.S. Department of Homeland Security, Todd Blanche, Acting Attorney General of the United States, Todd Lyons, Acting Director of U.S. Immigration and Customs Enforcement, Ernesto Santacruz, Jr., Acting Director of the Los Angeles Field Office, and Fereti Semaia, Warden of the Adelanto ICE

Processing Center, filed an Answer to the Petition.  ECF 11.  In their Answer, Respondents state little more than that they "acknowledge that Petitioner's claim in this action appears to be subject to the *Bautista* judgment, the order enforcing the same, and to any applicable appellate proceedings relating to it."  *Id.* at 2–3.

For the reasons set forth below, the Court **GRANTS** the Petition and orders that Petitioner be provided with an individualized bond hearing before an immigration judge, pursuant to 8 U.S.C. § 1226(a), at which the government bears the burden of proof, within seven (7) days of the date of this Order.

## I.    BACKGROUND

The Petition alleges the following facts, which Respondents have not disputed.  Petitioner is a noncitizen who entered the United States without inspection and is currently detained at the Adelanto Detention Center.  ECF 1 at ¶¶ 1, 3.  Petitioner was placed in removal proceedings on December 10, 2022, and subsequently released from immigration custody on an Order of Recognizance.  *Id.* at ¶¶ 28–29.  Petitioner alleges she was later arrested and re-detained by immigration authorities without a bond re-determination hearing.  *Id.* at ¶¶ 29, 39.

In the Petition, Petitioner alleges a claim for "unlawful denial of bond hearing" under the Administrative Procedure Act, and violation of her procedural due process rights under the Fifth Amendment, based on her continued detention without a bond re-determination hearing.  *Id.* at ¶¶ 33-39.  Petitioner seeks immediate release from custody or, in the alternative, a bond hearing within seven days.  *Id.* at 7.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004)

(*citing* U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Thus, a court may grant a writ of habeas corpus to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3).

Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds that their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

## III.   ANALYSIS

Here, as noted above, Respondents acknowledge that Petitioner appears to be a member of the bond-eligible class in *Maldonado Bautista v. Santacruz*, 813 F.Supp.3d 1084 (C.D. Cal. Dec. 18, 2025), and is therefore subject to the relief granted to the *Bautista* class. The Court agrees.

*Maldonado Bautista* recognized a bond-eligible class of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at

the time the Department of Homeland Security makes an initial custody determination. *Id.* at 1128.

Ultimately, the final judgment entered in *Maldonado Bautista* declared that class members "are not subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)" and instead are "entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge" pursuant to 8 U.S.C. § 1226(a). *Maldonado Bautista v. Noem*, 2025 WL 3678485 (Dec. 18, 2025), at *1.

Pursuant to the final judgment in *Maldonado Bautista*, then, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge, consistent with all applicable statutory requirements and agency regulations, and in which Respondents bear the burden of proof.

## IV. CONCLUSION

It is hereby **ORDERED** that:

(1) Respondents are to provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a), at which the government bears the burden of proof, within seven (7) days of the date of this Order;

(2) Respondents are to provide the immigration judge conducting the bond hearing with a copy of this Order; and

(3) Petitioner is to be released from custody within eight (8) days following the date of this Order if she has not been provided with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a).

**IT IS FURTHER ORDERED** that Respondents are to file a statement with the Court within one business day of the date of

Petitioner's bond hearing or the date of Petitioner's release, attesting to Respondents' compliance with this Order.

DATED:   May 14, 2026

_____

HON. DIANA M. KWOK
UNITED STATES MAGISTRATE JUDGE